SECURITY TRUST COMPANY, EXECUTOR, ETC., APPELLANT, v. EDWARD I. EDWARDS, COMPTROLLER, ETC., RESPONDENT.

Submitted March 26, 1917—Decided June 18, 1917.

Under section 3 of the Succession Tax act of 1909 (*Comp. Stat., p.* 5301) where there are contingent or executory interests dependent upon a power of appointment, the appraisal and taxation thereof is suspended until the exercise of the power.

On appeal from the Supreme Court, which affirmed on *certiorari* a succession tax on life interests in personalty and also a tax on interests in remainder, subject to a testamentary power of appointment.

For the appellant, *Ralph E. Lum.*

For the respondent, *Theodore Backes,* assistant attorney-general.

The opinion of the court was delivered by

PARKER, J.   So far as concerns the tax upon the life interests, all questions raised herein were determined by the Supreme Court in the case of *Maxwell* v. *Edwards,* 89 *N. N. J.* 446, the judgment in which case has been affirmed by this court at the present term.   On this branch of the case the judgment affirming the tax will be here. affirmed.

With respect to the interests in remainder, the respondent's counsel concedes, quite properly, that there should be a reversal.   The will of Howard S. Collins, the testator, made identical provision for each of his two daughters by bequeathing the residuary estate to a trustee, upon trust to pay the net income of one-half thereof to each daughter for life, "and on her death to pay over, transfer and convey said part of said residue, with any income not paid to her, to the person, persons, corporation or corporations that she may have designated and appointed by her last will to take the same, or, in default of a valid exercise by her by will of the power of appointment herein conferred, to those persons who under the statutes of distribution of the State of Connecticut in force at the time of her death would be entitled to succeed to her intestate estate in the proportions therein specified."

The residue was appraised at $66,905.34, and the value of the life interests bequeathed in trust at $38,178.38, which latter amount, or the balance thereof after deducting the statutory exemptions, was made the basis of calculation for a tax of one per cent. as property transferred to children. Section 1, paragraph 4 of act of 1909 (*Comp. Stat., p.* 5301),

as amended by *Pamph. L.* 1914, *pp.* 267, 269. The remainder of the residuary estate, or $28,726.96, was made the basis of a five per cent. tax presently imposed as subject to the general rate prescribed in the same paragraph.    So far as relates to this remainder, the comptroller seems to have disregarded the provisions of section 3, which deals with estates in expectancy of a contingent or defeasible character, and the particular life estates supporting them.    Where there is a power of appointment, the statute provides that "the appraisal and taxation of the interest or interests in remainder to be disposed of by the donee of power shall be suspended until the exercise of the power of appointment, and (they) shall then be taxed, if taxable, at the clear market value of such property, which value of such property shall be determined as of the date of death of the creator of the power."

It seems quite plain that in obeying this mandate, the tax on the interests in remainder will normally await the termination of the particular estate; and counsel urge as a ground of invalidity of such tax that it becomes impossible for the executor or trustee to transfer shares in New Jersey corporations until that time, without submitting to the requirement of section 12 for payment of full five per cent. tax, which was upheld in *Senff* v. *Edwards,* 85 *N. J. L.* 67, or depositing a five per cent. tax with the comptroller and taking out a waiver, as provided in chapter 58 of the laws of 1914.    These provisions appear to be aimed, particularly, at the transfer of the legal estate in stock to a purchaser, or the like, rather than at the particular succession of a legatee in remainder. There is also the provision contained in the last paragraph of section 3, permitting the compounding on equitable terms of a tax not presently payable, which is evidently the "compromise" mentioned in *Senff* v. *Edwards, supra.*    The statutory scheme is not obscure.    If the executor wishes to sell the stock, without waiting for the specific assessment based on interests created by the will, it can be done by paying the five per cent. tax under section 12, or depositing it under the act of 1914, page 97, subject to refund of excess when later ascertained;

or by paying the tax on the particular interests as presently due, and compromising that against the remainders upon an equitable ascertainment of its present worth, according to section 3. We are unable to see that this scheme gives rise to any unjust or unconstitutional discriminations. It may be said that the point is not before us except as contained in the reasons for setting aside a five per cent. tax on remainders presently payable. As a condition of permitting sale of securities, such tax has the support of Senff *v.* Edwards in the Supreme Court. As a pure tax, irrespective of such sale, it is not warranted by the statute and should be set aside. To this extent the judgment of the Supreme Court is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, GARRISON, TRENCHARD, PARKER, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 11.